Marvin Ross, Esq. Informal Opinion Woodmere Fire District No. 97-4 P. O. Box 599 Lawrence, N Y 11559-0599
Dear Mr. Ross:
You have asked whether an employee of the fire district whose job title is house maintainer may accept the position of fire chief and hold both positions.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
You have informed us that the duties of the house maintainer are light maintenance work at the fire house which is owned and operated by the fire district, including answering the telephone, disposing of garbage and other minor maintenance duties. You have also indicated that the house maintainer's "duties and instructions come from the Board of Fire Commissioners".
The board of fire commissioners of a fire district is authorized to employ persons necessary to effectuate the objects and purposes of the district. Town Law § 176(18-a). The commissioners have exclusive management and control of fire district property. Id., § 176(19).
The fire chief of the fire department of a fire district, under the direction of the board of fire commissioners, has exclusive control of the members of the fire department at all fires, inspections and other occasions when the fire department is on duty or parade. Id., § 176-a(1). Under the direction of the fire commissioners, the fire chief also supervises maintenance and use of the engines, fire trucks, pumpers, hose wagons and other apparatus and equipment used for the prevention or extinguishment of fires. Id.The fire chief has supervision over "all officers and employees of the fire department". Id.
It is the fire chief's responsibility to ensure that the rules and regulations of the board of fire commissioners are observed and that the orders of the board are duly executed. Id.When required by the board of fire commissioners, the chief reports to the board on the condition of the property of the fire district and other information requested. Id.The chief
 shall hold the members, officers and employees of the fire department strictly to account for neglect of duty and may suspend them for improper conduct, subject to the action of the board of fire commissioners at its next meeting. Id.
If the chief is absent or disabled, the first assistant chief or other assistant chiefs, in order of rank, are to perform the duties and exercise the powers of the chief. Id.
We believe that the positions of fire chief and house maintainer are incompatible. Under the above provisions of the Town Law, it seems clear that the house maintainer is subordinate to the fire chief. The fire chief is the supervisor and the house maintainer is the supervised employee. Obviously, one person cannot effectively or impartially supervise him or herself. While you have indicated that the house maintainer receives his duties and instructions from the board of fire commissioners, the provisions of the Town Law governing the relationship between the fire chief and employees of the fire district are binding on fire districts in this State. Fire districts have only those powers that have been delegated to them by the State Legislature. Unlike municipalities, which have home rule authority, fire districts are controlled by the State Legislature.
We conclude that the positions of fire chief and house maintainer of a fire district are incompatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions